IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONEISHA A. FLOWERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-870 (JLH) |
| | ) |
| RACHEL GRIFFITH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Doneisha A. Flowers, Newark, Delaware – Pro Se Plaintiff.

May 14, 2024
Wilmington, Delaware

*/s/ Jennifer L. Hall*

HALL, U.S. DISTRICT JUDGE:

## I.    INTRODUCTION

Plaintiff Doneisha A. Flowers brings this employment discrimination action against her former employer, the Delaware Department of Labor ("DDOL"), and two DDOL employees. (D.I. 2.) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   BACKGROUND

Plaintiff filled out a *pro se* form complaint. In the space of the form complaint that prompted Plaintiff to check a box or boxes identifying why the conduct of Defendants was discriminatory (*i.e.*, "Plaintiff's race," "Plaintiff's color," "Plaintiff's sex," "Plaintiff's religion," "Plaintiff's national origin," "Plaintiff's age," or "Plaintiff's disability"), Plaintiff did not check any of the boxes. (*Id.* at 2–3.) Plaintiff's only specific allegation is that she was wrongfully terminated as a result of the DDOL's Deputy Director "hiring a family member and friends." (D.I. 2.)

Plaintiff submitted with her Complaint the Charge of Discrimination she dual filed with the DDOL and EEOC. (D.I. 2-1.) On that form, in the space allotted for "DISCRIMINATION BASED ON," she did not write anything. (*Id.* at 1.) In the factual explanation provided by Plaintiff on the Charge of Discrimination, she gave no indication that the alleged discriminatory conduct was based on her race, color, sex, religion, national origin, age, or disability. (*Id.* at 1–2.)

## III.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. DISCUSSION

Plaintiff's employment discrimination claim against the individual Defendants will be dismissed because the Third Circuit has held that individual employees cannot be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077–78 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII.")

Plaintiff's employment discrimination claim against the DDOL will be dismissed because (i) Plaintiff has failed to plausibly allege that she was terminated or otherwise discriminated against

2

because of her race, color, religion, sex, or national origin, and (ii) state governments cannot be held liable for age discrimination.  42 U.S.C. § 2000e–2(a)(1); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 92 (2000).

Plaintiff will be given leave to file an amended complaint to remedy these deficiencies.

## V.   CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will be entered.

3